*Formatted for Electronic Distribution*                                             *Not for Publication*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

Filed & Entered
On Docket
06/20/05

In re:

    **Pamela J. Fifield,**                                                                          Chapter 7 Case  
              **Debtor.**                                                                               # 04-10867

*Appearances:*      *John Canney, Esq.*                                     *Grant Rees, Esq.*  
                                 *Rutland, VT*                                           *Burlington, VT*  
                                 *Trustee,* Pro Se                                 *Attorney for Creditor*

## MEMORANDUM OF DECISION
### DENYING TRUSTEE'S MOTION TO SELL
### TO THE EXTENT TRUSTEE PROPOSES TO PAY MORTGAGE AS AN UNSECURED CLAIM, AND
### DECLARING MORTGAGE TO BE VALID AND AMENDED STATE STATUTE TO BE CONSTITUTIONAL

       On November 10, 2004, the Trustee filed a Notice of Intent to Sell (doc. #19) which was amended on November 15, 2004 (doc. #20) (the "Sale Notice"). The Sale Notice proposed, *inter alia,* to treat the debt secured by the mortgage of Countrywide Home Loans, Inc. ("Countrywide") as an unsecured claim. Countrywide objected to that treatment (doc. #21). After considering the arguments presented by counsel at multiple hearings, the record in this case and the memoranda of law the parties have filed, the Court finds that the subject mortgage is valid, that the Trustee must treat the Countrywide claim as secured and that the Trustee must distribute the sale proceeds accordingly.[1] Although the Sale Notice appears to be a standard notice of intent to sell, it calls into question the enforceability of the mortgage filed against the subject property and, hence, requires this Court to construe the import and constitutionality of 27 V.S.A. § 341 (the "Amended Statute"). The Amended Statute was enacted specifically to reduce the execution formalities necessary to create a valid deed or mortgage in Vermont and to limit the circumstances under which a mortgage or deed may be avoided. The Trustee argues that the retroactive application of the Amended Statute is unconstitutional and alternatively that the mortgagee's conduct constitutes a waiver of its secured claim. The Court finds both arguments to be without merit.

### JURISDICTION

       The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334 and as a core proceeding under 28 U.S.C. §157(b)(2)(K).

---

[1] Pursuant to a stipulation reached on the record at a hearing held on December 7, 2004, the Trustee has completed the sale and conveyed title to the property; he is holding the proceeds in escrow pending entry of an order from this Court.

## PROCEDURAL HISTORY

The Trustee proposed to treat Countrywide's claim as unsecured. Countrywide objected to this treatment, insisting that it held a valid secured claim. The Trustee responded by alleging that Countrywide did not have a valid mortgage because either Countrywide waived its secured claim when it withdrew its motion for relief from stay, or alternatively, because the mortgage lacked the requisite signatures and the retroactive application of the Amended Statute is unconstitutional and could not "save" the mortgage. This latter argument prompted the Court to issue a notice regarding constitution challenge to the State of Vermont (see doc. #36). Initially, the State of Vermont failed to respond to this notice. The Trustee and Countrywide filed memoranda of law on the issue of whether the retroactive application of 27 V.S.A. § 341 is constitutional. The State of Vermont subsequently filed a motion for leave to submit an *amicus curiae* brief (doc. # 53), that motion was granted (doc. # 55), and the state filed a memorandum of law in opposition to the Trustee's constitutional argument.

## ISSUES PRESENTED

The Court will address both the constitutionality and waiver arguments raised by the Trustee. Since there is no dispute that the Countrywide mortgage lacked the formalities necessary to create a valid mortgage under the prior law, these are the only two issues presented and both are issues of law.

## DISCUSSION

### I. THE RETROACTIVE APPLICATION OF 27 V.S.A. § 341 IS CONSTITUTIONAL

The Amended Statute unequivocally aims to treat all mortgage deeds as valid, even if one that would have been invalid due to a lack of witnesses under prior law. Significantly, the Amended Statute categorically validates mortgage deeds retroactively, unless either (i) the mortgage had been determined to be invalid by a Court Order prior to November 1, 2004, or (ii) the validity of such mortgage was being challenged by a suit initiated before a Court before November 1, 2004. Neither exception applies in the instant dispute.

*A. The Rational Basis Standard*
*Determines the Constitutionality of Retroactive Application of the Amended Statute.*

It is well established that economic legislation, such as the Amended Statute, is presumed to be constitutional. Pension Benefit Guar. Corp. v. Gray, 467 U.S. 717, 729 (1984); Massachusetts Mun. Wholesale Elec. Co. v. State, 161 Vt. 346, 360 (1994). Such legislation will be construed to satisfy constitutional standards unless the plain language forecloses such a construction. Glidden v. Conley, 175 Vt. 111, 115 (2003). Hence, a challenge to a statute on constitutional grounds entails a heavy burden of proof. In re Montpelier & Barre R.R. Corp., 135 Vt. 102, 103-04 (1977). The Trustee acknowledges his heavy burden (see doc. # 42, p. 3). In order to establish that the Amended Statute is unconstitutional, the Trustee must demonstrate that the legislature acted in a wholly arbitrary and irrational way. Pension Benefit Guar. Corp., 467 U.S. at 729.

2

The deference accorded to economic legislation applies even when such legislation is applied retroactively. Id. The Trustee argues that the validity of retroactive legislation depends upon whether the result is "harsh and oppressive." While this statement is not incorrect, the United States Supreme Court has recognized that the "harsh and oppressive formulation" is identical to the rational basis test. United States v. Carlton, 512 U.S. 26, 30-31 (1994). Thus, the test for constitutionality is met by showing that the retroactive application of the legislation is justified by a rational legislative purpose. Id. As long as the retroactive application of a statute is supported by a legitimate purpose, "judgments about the wisdom of the legislation remain within the exclusive province of the legislative and executive branches." Id. at 31. This rule applies even assuming vested rights are implicated and even where the effect is to impose a new duty or liability based on past acts. Massachusetts Mun., 161 Vt. at 346; see also, Pension Benefit Guar. Corp., 467 U.S. at 729 (legislation that readjusts rights and burdens is not unlawful solely because it upsets otherwise settled expectations). Thus, the Court examines the Amended Statute using the rational basis test.

### *B. The Amended Statute Serves A Rational Legislative Purpose.*

The Amended Statute eliminates the need for a witness signature as a prerequisite to a mortgage being valid and enforceable in Vermont. In effect, the Amended Statue simplifies the process of executing mortgages, reduces the costs of real estate transactions and promotes finality, consistency of standards and administrative convenience. By applying the statute retroactively "to all deeds or other conveyances of lands or of an estate or interest therein whenever signed or executed" the legislature created certainty of the requisite formalities. See 2004, No. 150 § 9(d).

This certainty was also furthered by the legislature's specification of a date-certain deadline to challenge mortgages that under the previous statute would be voidable for lack of a witness's signature. The Amended Statute specifically does not apply to a mortgage which had either been determined to be invalid by a Court Order prior to November 1, 2004, or was being challenged by a suit initiated before a Court before November 1, 2004. In order to dispute the validity of a mortgage in a bankruptcy case the suit to which the statute refers must be an adversary proceeding. See 11 U.S.C. § 506 and FED. R. BANKR. P. 7001. It is undisputed that the Trustee did not commence an adversary proceeding contesting the validity of Countrywide's mortgage prior to November 1, 2004.

The Court finds the State's argument that the Amended Statute's purpose was rational to be compelling. Further, the legislature's inclusion in the Amended Statute of a four month window for a party to challenge the validity of a mortgage under the prior version of the statute adds to the rationality of the legislation, allowing all deeds and titles to be on equal footing. Accordingly, Court finds the Trustee has failed to show that retroactive application of the Amended Statute does not meet the rational basis test for legislative constitutionality set forth by the United States Supreme Court in the Pension Benefit Guaranty Corp. and Carlton cases.

### *C. Under the Facts of the Instant Case, No Vested Rights are Affected.*

The Trustee argues that the Amended Statute's retroactive validation of previously defective mortgages violates the due process of the Debtor's unsecured creditors because the validation of such mortgages deprives the unsecured creditors from an expectation of a distribution from the proceeds of the sale of the Debtor's former residence (doc. # 42, p. 6). According to the Trustee, the Amended Statute has "plainly impaired the rights of the unsecured creditors to receive distributions from the bankruptcy estate" (doc. # 42, p. 7).[2] Countrywide asserts that the Debtor's unsecured creditors had nothing more than an expectation that the mortgage deed could have been found invalid if timely challenged by a party with standing to do so and that the expectation, if any, of unnamed unsecured creditors simply does not equate to a vested right (doc. # 51, p.5). Countrywide is correct. The unsecured creditors in this case are bound by the priorities of law and under both state law and the Bankruptcy Code, Countrywide has a superior claim to sale proceeds unless and until its mortgage is avoided. To the extent the unsecured creditors had notice of their rights in this case, those rights would have been inferior to the rights of Countrywide as both the land records and the Debtor's schedules identified Countrywide as the holder of a mortgage against the subject property. The Trustee had the right to initiate a suit to seek avoidance of the mortgage but failed to file any such challenge. As a direct consequence of that, Countrywide's mortgage cannot be avoided and the unsecured creditors do not step into the higher priority shoes of the mortgagee.

The Court finds that neither the recognition of the validity of Countrywide's mortgage nor the retroactive application of the Amended Statute affect any vested rights of the unsecured creditors.

## II. COUNTRYWIDE HAS NOT WAIVED ITS SECURED CLAIM

The Bankruptcy Rules set forth the procedures for determining the validity of mortgages in the context of bankruptcy cases. Pursuant to FED. R. BANKR. P. 7001(2), in order to determine the validity, priority or extent of the Countrywide mortgage the Trustee was required to initiate an adversary proceeding. It is undisputed that the Trustee did not initiate such an adversary proceeding prior to November 1, 2004. Hence, the exception in the Amended Statute cannot be a basis for treating Countrywide as an unsecured creditor in the Trustee's distribution of sale proceeds. Alternatively, the Trustee argues that Countrywide, by its own actions, waived its right to treatment as a secured creditor.

It is true that the Trustee called into question the validity of Countrywide's lien in his response to Countrywide's Motion for Relief from Stay, and that Countrywide thereafter withdrew its motion. However,

---

[2] The Trustee claims that the retroactive application of the Amended Statute is harsh and oppressive because it disregards the "legitimate reliance interests of unsecured creditors" and deprives them of vested rights under the law of Vermont where "a deed that is improperly witnessed and acknowledged is invalid." See Trustee's Reply to the State of Vermont's Amicus Curiae (doc. # 59 at p. 5). This argument disregards the fact that no one, including the Trustee, had challenged the validity of Countrywide's mortgage which, until challenged, is valid and enforceable.

4

the Trustee's raising of the issue in a response to a motion for relief from stay is not the equivalent of an affirmative request to invalidate a mortgage and was insufficient to meet the Amended Statute's requirement that he challenge the validity of the mortgage by "initiating suit." The facts of this case presented several opportunities for the Trustee to comply with the Amended Statutes requirements. For example, the Trustee could have treated the Countrywide claim as unsecured for purposes of distributing the subject sale proceeds if (a) Countrywide had consented in writing to pursuing a determination of the validity of its mortgage without an adversary proceeding and the parties proceeded to obtain that determination in the context of the Motion for Relief from Stay; or (b) Countrywide and the Trustee had entered into, and filed, a written stipulation that Countrywide's claim would be treated as unsecured in this case based upon the execution deficiencies of the document; or (c) the Trustee had commenced an adversary proceeding to determine the validity of the lien prior to November 1, 2004. The Trustee did none of these. Instead, the Trustee relied upon his understanding that Countrywide's withdrawal of its Motion for Relief from Stay was tantamount to an admission that its mortgage was unenforceable and did nothing to document that understanding.

The reason for Countrywide's withdrawal of the Motion for Relief from Stay is not part of the record and cannot satisfy the requirement for a determination by a Court order that is required under the Amended Statute. No Court order was issued with regard to the validity of the lien prior to November 1, 2004, and no suit was initiated by the Trustee before that date. The Trustee asserts that he and counsel for Countrywide had entered into an oral agreement that the Trustee could treat Countrywide's claim as unsecured and that it was in reliance upon that agreement that the Trustee filed the instant Notice of Intent to Sell. Countrywide's counsel's position is that he does not recall coming to any such firm agreement and points to the fact that he has a well established practice of reducing such agreements to writing. The Court need not determine which of these positions is more credible. Whether an oral agreement was entered into between the Trustee and Countrywide's attorney is irrelevant. Moreover, once the Motion for Relief from Stay was withdrawn by Countrywide, the issue was no longer before the Court. Because the document at issue, Countrywide's mortgage, involves an interest in real property, under the Statute of Frauds, any such agreement regarding the validity of that document would have to be in writing to be enforceable. 12 V.S.A. § 181(5). It is undisputed that there is no such writing.

Therefore, the Court finds that the Trustee has failed to demonstrate that Countrywide waived its right to be treated as a secured creditor in this case.

Since the Trustee has failed to show that the retroactive application of the Amended Statute is unconstitutional and also failed to show that Countrywide waived its secured claim, the Court must hold that the Trustee has failed to carry his burden of proof.

5

## **CONCLUSION**

For the reasons set forth above, the Court finds the following: (1) the retroactive application of 27 V.S.A. § 341 is constitutional; (2) Countrywide did not waive its status as a secured creditor; (3) Countrywide's mortgage deed is valid under 27 V.S.A. § 341, as amended; (4) Countrywide held a valid mortgage lien on the subject property as of the date of sale; (5) the subject mortgage is not subject to avoidance by the Trustee; and (6) the Trustee is required to distribute sale proceeds to Countrywide in its capacity as the holder of a valid mortgage against the subject property.

This constitutes the Court's findings of fact and conclusions of law.

June 20, 2005  
Rutland, Vermont

_____  
Colleen A. Brown  
United States Bankruptcy Judge